McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 565-2033
(973) 425-0161
Attorneys for Plaintiff
Metropolitan Life Insurance Company

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TIANNA N. SMALLS, TANISHA SMALLS AND N.G., A MINOR,<br><br>Defendants. | Civil Action No.: |

## CIVIL ACTION – COMPLAINT FOR INTERPLEADER

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its counsel McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby files its Complaint in Interpleader and states as follows:

### PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in New York, New

York. MetLife is domiciled in and is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

2. Defendant Tianna N. Smalls ("Tianna") is the daughter of Natasha Griffith, deceased (the "Decedent") and she resides in Mechanicsville, Virginia. She is a citizen of the State of Virginia within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

3. Defendant Tanisha Smalls ("Tanisha") is the daughter of the Decedent and she resides in Mechanicsville, Virginia. She is a citizen of the State of Virginia within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

4. Defendant N.G., a minor, is the daughter of Decedent and she resides in Far Rockaway, New York. She is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

5. Upon information and belief, Julia Chapman is N.G.'s grandmother and N.G. resides with Julia Chapman.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 given this is an interpleader action, the amount of money in controversy exceeds Five Hundred Dollars ($500.00) and at least two or more of the adverse claimants are of diverse citizenship within the meaning and intent of 28 U.S.C. § 1332 and § 1335. Furthermore, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) in that at least one of the defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## CLAIM FOR INTERPLEADER

8. The Decedent, a former employee of the Metropolitan Transportation Authority ("MTA"), maintained basic life insurance and accidental death and dismemberment insurance under the MTA term life & accidental death and dismemberment insurance plan (the "Plan"). The Plan is funded by a group policy of life and accidental death and dismemberment insurance issued by MetLife.

9. The Plan states the following regarding designating a beneficiary:

**Beneficiary**

You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.

You do not need the Beneficiary's consent to make a change. When We receive the change, it will take effect as of the date You Signed it. The change will not apply to any payment made in good faith by Us before the change request was recorded.

If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally.

10. The beneficiary designation on file with the Plan is dated March 14, 2016, and names Tianna Small as the primary beneficiary to receive 25% of the payable benefits and Tanisha Smalls and N.G. as contingent beneficiaries to received 25% and 50% of the payable benefits, respectively. As a result, the beneficiary designation is ambiguous.

11. Decedent died on September 5, 2018, as a result of stab wounds arising from a domestic dispute.

12. At the time of her death, the Decedent was enrolled under the Plan for basic life insurance in the amount of $25,000 and accidental death and dismemberment insurance in the

amount of $25,000 and was eligible for a spouse educational default benefit in the amount of $1,000 ("Plan Benefits").

13. MetLife received a Claimant's Statement from Tianna dated September 14, 2018, seeking her portion of the Plan Benefits.

14. MetLife received a Claimant's Statement from Tanisha dated September 14, 2018, seeking her portion of the Plan Benefits.

15. MetLife paid Tianna the 25% of the Plan Benefits that were not in dispute by check dated September 6, 2018.

16. The remaining benefits in dispute include: $18,750 in basic life insurance, $18,750 in personal accidental death insurance and $750 in spousal education default benefits ("Remaining Plan Benefits").

17. By letter dated December 8, 2018, MetLife advised Tianna, Tanisha and Julia Chapman f/b/o N.G. that their claims for the Remaining Plan Benefits were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing MetLife to the danger of litigation and even the possibility of double liability. MetLife gave the Defendants an opportunity to try to resolve this matter to preserve the Remaining Plan Benefits from litigation costs and fees.

18. In an undated "To Whom It May Concern" letter Tianna, Tamisha and Julia Chapman advised MetLife that they had come to an agreement "that Tianna Smalls and Tamisha Smalls would both take 33% and [N.G.] will take the remaining 34%."

19. By letter dated January 8, 2019, MetLife advised Julia Chapman that it required court-appointed guardianship papers for N.G. documenting that she is the guardian of her property and estate.

20. Upon information and belief, Julia Chapman is not the court appointed guardian of N.G., and no one has been appointed as N.G.'s guardian.

21. MetLife received a phone call form Tianna and Tanisha stating that they believe that Julia Chapman would take the money from N.G. if she received guardianship, and that Tianna was applying for guardianship over N.G.

22. To date, MetLife has not received guardianship papers with respect to N.G.

23. MetLife cannot determine whether a Court will interpret the March 14, 2016 beneficiary designation as naming Tanisha and N.G. as primary beneficiaries. If so interpreted, Tanisha would receive 25% and N.G. would receive 50%, of the Remaining Plan Benefits, respectively.

24. If the beneficiary designation dated March 14, 2016 is not enforced in this manner, the Court may order that the Remaining Plan Benefits be split in accordance with the agreement reached by Tianna, Tanisha and Julia Chapman, with Tianna and Tanisha each receiving 33% of the benefits and N.G. receiving 34% of the Remaining Plan Benefits.

25. MetLife makes no claim to the Remaining Plan Benefits other than payment of its reasonable attorneys' fees, costs and disbursements in connection with this action.

26. MetLife will deposit into the Disputed Ownership Fund the Remaining Plan Benefits for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

    A. appointing a *guardian ad litem* for minor defendant, N.G. if deemed necessary by the Court;

    B. that the defendants be ordered to interplead and settle among themselves their respective rights to the Remaining Plan Benefits;

    C. that MetLife be permitted to pay the Remaining Plan Benefits into the Disputed Ownership Fund of the Court;

D.     that the Defendants each be restrained from initiating any other action against MetLife, the MTA or the Plan for recovery of the Remaining Plan Benefits or any part thereof;

E.     that MetLife, the MTA and the Plan be found to have no further liability beyond those monies deposited into the Disputed Ownership Fund of this Court, which represents the Remaining Plan Benefits;

F.     that MetLife be discharged and dismissed with prejudice from this case; and

G.     that the Court award such other and further relief, including attorneys' fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Dated: May 31, 2019

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Plaintiff,
Metropolitan Life Insurance Company

By: _____
Randi F. Knepper

3205479_1